# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

| | | |
|---|---|---|
| RYAN DEARDORFF,<br>Reg. #46863-044, | *<br>*<br>* | |
| Petitioner, | * | |
| v. | * | No. 2:20-cv-00237-JJV |
| | * | |
| DEWAYNE HENDRIX, Warden,<br>Forrest City Low Federal Correctional<br>Institution, | *<br>*<br>*<br>* | |
| Respondent. | | |

## MEMORANDUM AND ORDER

### I.   PROCEDURAL HISTORY

On January 9, 2019, in the United States District Court for the Eastern District of Missouri, Petitioner Ryan Deardorff was sentenced to an aggregate term of sixty months' imprisonment after pleading guilty to two counts of receipt of child pornography. *United States v. Deardorff*, 4:17-cr-00282-RLW-1, at Doc. No. 105. He was designated to the Forrest City Low Federal Correctional Institution, where he is currently serving his sentence. *Id.* at Doc. No. 108. On June 16, 2020, Mr. Deardorff filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming he was at high risk of contracting COVID-19 at Forrest City Low. *Id.* at Doc. No. 112. As an alternative to compassionate release, he requested a "strong recommendation" to the Bureau of Prisons that he be transferred to a residential reentry center or home confinement. *Id.* The sentencing court denied this motion on its merits, finding Mr. Deardorff had failed to present the type of "extraordinary and compelling reasons" that justify compassionate release and failed to demonstrate he no longer posed a danger to the community. *Id.* at Doc. No. 123.

Following the denial of his compassionate release motion, Mr. Deardorff, through counsel, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He alleges his continued incarceration violates his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. No. 1-1 at 15.) Specifically, he claims prison officials have been deliberately indifferent to his risk of contracting COVID-19 given his hypertension, which places him in the high-risk category, and the failure to implement necessary safety measures at Forrest City Low. (*Id*. at 3, 18-19.) Mr. Deardorff also alleges prison officials have been deliberately indifferent to his medical needs by suspending a medication used to treat his anxiety. (*Id*. at 19-20.) He seeks "immediate release from incarceration." (*Id*. at 21.)

After careful consideration of Mr. Deardorff's Petition and the Response (Doc. No. 11), I find the Petition must be dismissed for lack of jurisdiction.

## II. ANALYSIS

Mr. Deardorff's Eighth Amendment claims are outside the scope of habeas corpus. Relief in the form of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As such, § 2241 provides a forum in which to challenge the legality of one's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."). Conversely, a challenge to the conditions of one's confinement is properly raised in a claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983, or its federal analog, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Preiser*, 411 U.S. at 499; *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

Mr. Deardorff acknowledges he is challenging the conditions of his confinement; however,

he contends the remedy of habeas corpus is available to him because he seeks not damages but "placement out of the correctional setting," the only relief sufficient to "keep him safe and satisfy the Eighth Amendment's prohibition on cruel and unusual punishment." (Doc. No. 1-1 at 17.) It is true that the United States Supreme Court in *Preiser* left open the possibility of habeas relief for a challenge to prison conditions: "When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." 411 U.S. at 499. But "[w]hile the Supreme Court has left the door open a crack for habeas corpus claims challenging prison conditions, it has never found anything that qualified." *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). And the United States Court of Appeals for the Eighth Circuit, like several other circuits, has adhered to its post-*Preiser* precedent: habeas corpus is not the proper forum for a constitutional claim relating to the conditions of confinement. *Spencer*, 774 F.3d at 470-71; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073. Accordingly, Mr. Deardorff's claims that prison officials have been deliberately indifferent to his risk of contracting COVID-19 and to his medical need for anxiety medication – claims which appear to be a second attempt at compassionate release after being denied such relief in the sentencing court – are not cognizable in habeas corpus.

To the extent Mr. Deardorff seeks release to home confinement [1] as opposed to compassionate release, his claims fare no better. In accordance with 18 U.S.C. § 3621(b), "[t]he

---

[1] At one point in his Petition, Mr. Deardorff requests "release from custody to home confinement in Missouri with his sister and brother-in-law." (Doc. No. 1 at 7.)

Bureau of Prisons shall designate the place of the prisoner's imprisonment," and "a designation of a place of imprisonment under this subsection is not reviewable by any court." Thus, the discretionary authority to place a prisoner on home confinement remains solely with the Bureau of Prisons – a fact Mr. Deardorff seemed to concede in his compassionate release motion when he alternatively requested the sentencing court to recommend him for home confinement. *Nichols v. Hendrix*, 2:20-cv-00109-LPR-JTR, 2020 WL 5201226, at 2-3 (E.D. Ark. June 12, 2020), *report and recommendation adopted*, 2020 WL 5115839 (E.D. Ark. Aug. 31, 2020); *United States v. Blaylock*, 1:12-cr-10010-001, 2020 WL 4344915, at 3-4 (W.D. Ark. June 1, 2020). Moreover, even if the designation of a place of imprisonment were reviewable, exhaustion of administrative remedies within the Bureau of Prisons would be a prerequisite. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Nichols*, 2020 WL 5201226, at 2. As is evident from the exhibits attached to his compassionate release motion in the sentencing court, Mr. Deardorff did send a letter requesting he be transferred to home confinement; however, he does not appear to have completed the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10 *et seq*.

For these reasons, Mr. Deardorff's Petition must be dismissed without prejudice for lack of jurisdiction.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Deardorff's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

SO ORDERED this 3rd day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE